This is 10-363. Go ahead, Counsel. Good afternoon. May it please the Court, my name is Jack Cranley. I represent the Pelley Larry T. Graham. This was a matter in Union County that had been going on for a number of years. In June of this year, Judge Bowie had a hearing where both parties were represented by counsel. And the issue was what was the best interest of the child, Elena T. Graham. The Court, on hearing the testimony of the parties and the evidence presented, decided that sole custody of the child should be granted to the father, Larry Graham, with visitation granted to the mother, Rebecca. And the Court also ordered that Larry Graham be given 60 days to supplement his response with respect to child support. In the appellant's brief, they appear to raise issues regarding abusive discretion and that the trial court's decision was against the manifest way to the evidence. They chose to waive their argument. I wasn't certain whether it was essential that I appear. Having not participated in this forum before, I decided that I would give the Court an opportunity to ask any questions that they had. But I won't belabor too many of the facts. I believe that they're set forth fairly clearly in the briefs of the parties. The Court did find that there had been a significant change in circumstances, primarily related to the housing situation of the mother and the fact that the child had some issues in school and with her housing. And that DCFS became involved and determined that Mr. Graham would, by agreement, obtain custody of the minor child. That remained the status of the custody arrangement until such time as the hearing was held in June. At the hearing, the Court, based upon the facts set forth in the statute, determined that Mr. Graham was in a better position to provide for Elaina Graham and awarded him sole custody. Of the statutory factors, I think it's significant that Judge Bowie cited that Larry was willing to encourage a relationship between the parties, that he facilitated visitation, that it was clear from the evidence that Elaina, who had at first failed first grade, then in her second time around was getting pretty close to straight A's. The Court found that she had adjusted well to the environment of living with her father and while both parties clearly demonstrated a desire to have custody of the child, the Court found that it was in the best interest of the child that Larry be given sole custody and visitation be granted to the mother. I think that was in large part because of Larry's testimony and Rebecca's testimony that Larry brings her down there all the time to visit with her mother and he does everything that he can to encourage and to maintain a good relationship between the child and her mother and, of course, with himself. Your Honor, I don't believe that the appellants have raised any valid issues with respect to an abuse of discretion. In my estimation, the manifesto of the evidence overwhelmingly supports the decision of the Court. There were, however, a couple of issues raised and I wanted to give the Court an opportunity to ask questions. One of them had to do with Mr. Graham's child support status and then in the appellant's brief they raised a number of issues regarding sexual abuse allegations made by the mother against the father at the trial. Judge Bowie found that the mother's testimony was not credible and I think that Judge Bowie's personally involved in this case for a number of years. He had the opportunity to observe the witnesses. He was familiar with them from being in the Court as well as in the community and he found that there was no credibility to Rebecca's allegations regarding sexual abuse. Judge Bowie was involved in cases regarding sexual abuse allegations against her sons and he also found that those had some credibility in the past and made temporary custody decisions on the basis of those ongoing investigations. With respect to the child support, at the time of the hearing Mr. Graham actually believed that he had paid for it. There is contradictory evidence from the various government agencies responsible for collection and enforcement of child support. In August 2009, Judge Bowie abated Mr. Graham's child support and said it would no longer approve pending further order in the Court. The next month, DFS had an order entered withholding child support from Mr. Graham's check. It was not a signed order. It's in the record. I was not notified of it. Mr. Graham didn't tell me about it, but instead money was continually taken out of his unemployment check, which was applied towards his outstanding child support. At some point in time, the state quit withholding from his unemployment. He presumed that he had fulfilled his child support obligation. At trial, counsel showed up with some other document. Honestly, we've never seen it before. We'd like an opportunity to go back to the trial court and let the trial court reconcile. On the issue of child support? That's it. You didn't file a cross appeal. I did not file a cross appeal, Your Honor. I mean, we're only here on the appeal on the issue of custody. Okay. Very well. I understand. You win. Nobody's appealing to you, right? Well, no. You're unhappy with the decision about back child support, is what you're saying? Well, quite frankly, Your Honor, it has been one day. Larry was given 60 additional days to provide supplemental information, and we did, and the Court hasn't heard it yet. We're not here on that. I mean, except as to how that affects, as a factor for child custody, him not paying child support. Do you agree with that? I do agree. You started talking about that, but there was no cross appeal on child support. There was no final decision with respect to child support, and therefore I didn't see it. It's necessary to file a cross appeal. When there is a final decision, that would be the time to appeal. But in this case, Your Honor, I would simply ask the Court affirm the decision of the trial court clearly and legitimately. We had an opportunity to observe the witnesses and evaluate the evidence, and we found that Mr. Graham was well prepared to care for the child. If there's no other questions, I'll just thank you very much, Your Honor.